[Cite as *Bird v. Ohio Racing Comm.*, 2023-Ohio-1213.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Danny Bird, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 22AP-547 |
| | | (C.P.C. No. 21CV-4415) |
| Ohio State Racing Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on April 13, 2023

**On brief:** *Graff & McGovern, LPA,* and *Brandon M. Smith,* for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Todd K. DeBoe*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} Appellant, Danny Bird, appeals the judgment and order of the Franklin County Court of Common Pleas overruling his objections and adopting the magistrate's decision that dismissed his R.C. Chapter 119 administrative appeal of the Ohio Racing Commission's ("Commission"), July 1, 2021 order.

{¶ 2} Bird was employed as a licensed horse trainer, and a permissible search of his assigned barn area on September 15, 2020 uncovered a syringe and needle filled with an unknown liquid. Bird was issued a six-month suspension and $1,000.00 fine by his barn's board of stewards on September 22, 2020 but he appealed that decision to the Commission. Ultimately, the Commission upheld the board of stewards' decision and imposed the same

fine and suspension in an adjudication order issued July 1, 2021. (*See* Ex. A (Notice of Adjudication) attached to July 14, 2021 notice of appeal filed in Franklin C.P. No. 21CV-4415.)

{¶ 3} Bird then filed a timely appeal of the Commission's decision to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. *Id.* at 1. But in lieu of an answer to the appeal, the Commission filed a motion to dismiss, arguing that Bird had failed to comply with R.C. 119.12(D) because he did not file his notice of appeal with the agency as required by the statute.

> Any party desiring to appeal *shall file a notice of appeal with the agency* setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * Unless otherwise provided by law relating to a particular agency, *notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order* as provided in this section.

(Emphasis added.) R.C. 119.12(D)

{¶ 4} The motion to dismiss was supported by affidavits from William Crawford, the Commission's Executive Director, Michael Rzymek, the Commission's Deputy Director and Legal Counsel, and Todd DeBoe, the assistant attorney general assigned to represent the Commission. Mr. Rzymek averred that the Commission first received certified mail notice reflecting the filing of the appeal on July 21, 2021, and that he immediately forwarded the notice to Mr. Crawford and Mr. DeBoe. (*See* Aff. of Michael Rzymek attached to Aug. 24, 2021 Mot. to Dismiss at ¶ 3-4.) Mr. Crawford averred that he did not receive an emailed copy of the appeal on July 14, 2021 as the certificate of service attached to Bird's notice of appeal suggested. *Id.*; Aff. of William Crawford at ¶ 5. Mr. DeBoe similarly averred that he had not received an emailed copy of the appeal, and that after he inquired, he

received an email from Bird's attorney stating that he was "unable to locate the e-mail that he allegedly sent to Mr. Crawford and me on July 14, 2021." *Id*.; Aff. of Todd DeBoe at ¶ 5-7. Based on these affidavits, the Commission argued that Bird had not "file[d] a notice of appeal with the agency * * * within fifteen days after the mailing of the notice of the agency's order" as required by R.C. 119.12(D), that there was in fact no evidence that Bird ever filed a notice of appeal with the Commission as required by the statute, and that this failure to file was a jurisdictional defect requiring dismissal of Bird's appeal to the common pleas court.

{¶ 5} The case was referred to a trial magistrate to rule upon the motion, and following a hearing on March 8, 2022, the magistrate dismissed Bird's appeal for failure to comply with the statute. Upon consideration of the affidavits, the hearing testimony of Mr. Rzymek, and the hearing testimony of Bird's former counsel, the magistrate made factual findings that Bird's lawyer "never made a direct statement that the Notice of Appeal was in fact 'received' " by the Commission, that Mr. Rzymek's testimony "was consistent with his prior affidavit," that the Commission was not served with the notice of appeal until "the Clerk of this Court sent notice on July 21, 2021," and that "[t]he notice of appeal was not timely filed" with the Commission. (Mar. 8, 2022 Mag.'s Decision at 3.) Based on these findings, the magistrate concluded that Bird "has not shown that he complied with R.C. 119.12 (D)" and recommended granting the motion to dismiss. *Id*. at 4.

{¶ 6} Bird then objected the magistrate's decision, but the trial court overruled his objection because Bird had failed to provide the court a transcript of the magistrate's hearing.

> Civ.R. 53(D)(3)(b)(iii) requires that parties shall support any objections to factual findings with a transcript of all evidence submitted to the magistrate relevant to that finding or an

affidavit of that evidence if a transcript is not available. If the objecting party fails to provide the court with a transcript of the magistrate's hearing to support their objections, the trial court may properly adopt a magistrate's factual findings without any further consideration. A transcript must be filed with the court within thirty days after the filing of objections to a magistrate's decision unless the court allows an extension.

Here, [Bird] did not file a transcript of the March 8, 2022 hearing, nor did [he] request an extension of time to do so. Since Bird's sole objection is to a finding of fact, and that objection would require the Court to review the Magistrate's assessment of the credibility of witnesses and weight of the evidence provided at hearing, the failure to produce a transcript prohibits such review.

Accordingly, the Court OVERRULE'S [sic] Bird's sole objection and adopts the Magistrate's March 8, 2022 Decision.

(Internal quotations and citations omitted.) (Aug. 10, 2022 Decision & Entry at 1-2.) Bird now appeals to this Court and asserts a single assignment of error.

The lower court erred as a matter of law when it dismissed the appeal for failure to comply with R.C. 119.12(D).

{¶ 7} We overrule Bird's assignment of error and affirm the trial court's judgment. Bird's assigned error and argument fault with the rationale of the magistrate's decision, but as we describe below, Bird's failure to preserve the record by providing the trial court with a transcript of the magistrate's hearing renders the merits of the magistrate's decision outside this court's review.

{¶ 8} Pursuant to Civ.R. 53, the trial court reviews the decisions of a magistrate de novo, and the trial court must independently review any matters objected to and decide whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). *See also Black v. Columbus Sports Network, L.L.C.*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 14. Our review on appeal is far more limited and is restricted to considering whether the trial court abused its discretion in ruling on

those objections and the magistrate's report. "Claims of error by the trial court must be based on *the trial court's actions, rather than on the magistrate's findings*." (Emphasis added.) *Id.*

{¶ 9} And as the trial court correctly held, Civ.R. 53(D)(3)(b)(iii) generally requires the objecting party to support objections to factual findings with a transcript of all evidence submitted to the magistrate relevant to that finding. While a transcript is not necessarily required to support objections based solely on conclusions of law, *see id.* at ¶ 15, if "the required support for objections is not provided, a trial court is required to accept the magistrate's findings of fact and may examine only the magistrate's legal conclusions based upon those facts." *Dale v. Ohio State Hwy. Patrol*, 10th Dist. No. 04AP-639, 2005-Ohio-3383, ¶ 18. And "where a party files objections to a magistrate's decision in the trial court but, does not support those objections with a transcript * * *, that party is precluded from arguing on appeal that the trial court erred in its factual determinations." *Black* at ¶ 15, quoting *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977, ¶ 14.

{¶ 10} The only issue presented in Bird's merit brief is one of fact—"whether Mr. Bird's prior counsel timely filed the notice of appeal with the Commission as required by R.C. 119.12(D)." (Brief of Appellant at 2.) And Bird candidly admits that the "sole fact relevant to this appeal is in dispute." *Id.* But because Bird failed to provide the trial court with a transcript of the hearing before the magistrate, in ruling on Bird's objection it was "required to accept the magistrate's findings of fact" that the notice of appeal was not timely filed with the commission. *Compare id.* with *Dale* at ¶ 18 and *Black* at ¶ 14-15. And the magistrate's factual finding that the notice of appeal was not timely filed compels the legal conclusion that Bird's appeal did not comply with R.C. 119.12(D). "It is well-settled that the failure to file a notice of appeal with the appropriate agency within the 15-day limit provided

for in R.C. 119.12 results in a divestiture of subject-matter jurisdiction." *Brass Pole v. Ohio Dept. of Health*, 10th Dist. No. 08AP-1110, 2009-Ohio-5021, ¶ 7 (citing cases). Bird's failure to file a transcript with the trial court left it with no option but to conclude that it lacked subject-matter jurisdiction to determine Bird's appeal. Moreover, this court is limited to analyzing whether the trial court abused its discretion in accepting the findings of fact and overruling Bird's objection. *See Dale* at ¶ 18 and *Black* at ¶ 14-15 (holding that if the appellant does not support its objections with a transcript in the trial court, "an appellate court's review of an appellant's assignments of error is limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of fact.")

{¶ 11} Because the trial court was required to accept the magistrate's factual findings and therefore ultimately found it lacked jurisdiction to determine the merits of Bird's appeal, it is nonsensical for Bird to now suggest that the trial court abused its discretion by doing what it was required to do. Bird has therefore ignored that issue entirely and jumped straight to arguing the merits of the magistrate's findings of fact—an argument that we cannot consider. *See Dale* at ¶ 18 and *Black* at ¶ 14-15.

{¶ 12} The trial court correctly overruled Bird's objection and adopted the magistrate's decision. We accordingly overrule Bird's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————————